**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | § § § | Chapter 7 |
| Kathryn Rogers, | § § | Case No. 26-10299-PMM |
| Debtor. | § § § | |

**SETTLEMENT STIPULATION BY AND BETWEEN**
**UNITED STATES TRUSTEE AND COUNSEL TO THE DEBTOR**

This stipulation (the "Stipulation") is entered into by and between Andrew R. Vara, the

United States Trustee for Region 3 (the "U.S. Trustee"), and John M. Hyams, Esquire

("Counsel" and together with the U.S. Trustee, the "Parties") and is subject only to approval by

the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court").  The

Parties hereby stipulate the following:

**RECITALS**

WHEREAS, on January 26, 2026 (the "Petition Date"), Kathryn Rogers (the

"Debtor") filed a voluntary petition for relief under chapter 7 of title 11 of the United States

Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code");

WHEREAS, on March 12, 2026, Counsel filed the *Notice of Bifurcated Fee*

*Agreement* (Docket No. 12) (the "Notice");

WHEREAS, the Bankruptcy Rules and Local Rules required filing of the Notice

within fourteen (14) days of the Petition Date;

1

WHEREAS, on March 19, 2026, the U.S. Trustee filed the *Request of the United States Trustee to Schedule a Hearing to Review the Fee Agreement Between Debtor and Counsel* (Docket No. 13) (the "Request");

WHEREAS, in entering into a bifurcated fee agreement, the fees charged under the agreement must be fair and reasonable, the agreement must be entered into with the debtor's fully informed consent, and the agreement must be adequately disclosed;

WHEREAS, the Parties engaged in good-faith, arm's-length discussions regarding the Request and the agreement between Counsel and the Debtor, and as a result thereof entered into this Stipulation, which contains the proposed terms upon which the Parties agree to resolve the matters on a consensual basis without need for an evidentiary hearing.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby stipulate and agree as follows:

### STIPULATION

1. Counsel shall make a $1,000 payment to the Debtor to refund the post-petition fee.  Counsel shall receive no payment in this case other than the amounts received prior to the Petition Date.  Counsel shall continue to represent the Debtor in the bankruptcy case until its conclusion.

2. Counsel shall make the $1,000 payment within fourteen (14) days of entry of the Stipulation Order (as that term is defined below).

3. Counsel shall file a statement on the docket stating that the payment has been made to the Debtor.   The statement shall be filed within seven (7) days of Counsel making payment to the Debtor.

2

4. In any case in which Counsel seeks to enter into a bifurcated fee agreement with a chapter 7 debtor, Counsel shall comply with the *Guidelines for United States Trustee Program (USTP) Enforcement Related to Bifurcated Chapter 7 Fee Agreements*, dated June 10, 2022.

5. This Stipulation is subject to and conditioned upon the entry of an order, substantially in the form attached hereto as **Exhibit A**, approving the Stipulation (the "Stipulation Order").

6. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

7. This Stipulation may be executed in multiple counterparts and by facsimile or by PDF attached to an email, with each such facsimile or PDF counterpart being deemed an original and constituting one original document when combined.

8. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound, have caused the

Stipulation to be duly executed as set forth below.

Dated: March 25, 2026

| United States Trustee | John M. Hyams, Esq. |
|---|---|
| By:   _/s/ John Schanne_<br>John Schanne, Trial Attorney<br>United States Department of Justice<br>Office of the United States Trustee<br>Robert NC Nix, Sr. Federal Building<br>900 Market Street, Suite 320<br>Philadelphia, PA 19107<br>Phone: (202) 934-4154<br>Email: john.schanne@usdoj.gov | By:   _/s/ John M. Hyams_<br>Law Offices of John M. Hyams<br>1007 N. Front Street<br>Suite 3 South<br>Harrisburg, PA 17102<br>717-520-0300<br>Email: jmh@johnhyamslaw.com |
| Counsel for United States Trustee | Counsel for the Debtor |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | § | Chapter 7 |
|  | § |  |
| Kathryn Rogers, | § | Case No. 26-10299-PMM |
|  | § |  |
| Debtor. | § |  |

**ORDER APPROVING SETTLEMENT STIPULATION BY AND BETWEEN
UNITED STATES TRUSTEE AND COUNSEL TO THE DEBTOR**

Upon consideration of the *Settlement Stipulation By and Between United States Trustee and Counsel to the Debtor* (the "Stipulation"),[1] and the Court having considered the Stipulation, all related filings, and the record as a whole, and this Court possessing jurisdiction over this matter and venue being proper, and notice of the Stipulation having been sufficient under the circumstances and no further notice is required, and upon the record herein, and after due deliberation thereon, and good and sufficient cause appearing therefore; it is hereby:

ORDERED, ADJUDGED, AND DECREED THAT:

1.        The Stipulation is APPROVED in all respects.

2.        Counsel shall make payment to the Debtor in the amount of $1,000 as more fully set forth in the Stipulation.

3.        The Court retains jurisdiction over any and all matters arising from or related to the Stipulation and the implementation or interpretation of this Order.

Dated: _____                    _____
                                                              Honorable Patricia M. Mayer
                                                              United States Bankruptcy Judge

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Stipulation.